**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5343-17T1

PATRICK PANTUSCO,

     Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

     Respondent.

_____

Submitted May 6, 2019 – Decided June 18, 2019

Before Judges Haas and Susswein.

On appeal from the New Jersey Department of Corrections.

Patrick Pantusco, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent (Melissa H. Raksa, Assistant Attorney General, of counsel; Christopher Josephson, Deputy Attorney General, on the brief).

PER CURIAM

Appellant Patrick Pantusco is an inmate currently incarcerated at South Woods State Prison. He is serving an aggregate fifty-year sentence, with thirty years of parole ineligibility for murder, manslaughter, robbery, aggravated assault, eluding police, armed burglary, and theft. His convictions are the result of a crime spree that he committed in June 1996. Appellant seeks review of a decision made by the Department of Corrections (DOC) Institutional Classification Committee (ICC) denying his application to be reclassified from "gang minimum custody status," as defined in N.J.A.C. 10A:9-4.3(d), to "full minimum custody status," as defined in N.J.A.C. 10A:9-4.3(c).

Appellant contends that:

> POINT I: THE DECISIONS TO CHARACTERIZE PATRICK PANTUSCO'S INSTITUTIONAL ADJUSTMENT AS DISPLAYING AN EXTREME LEVEL OF VIOLENCE AND IMPULSIVE BEHAVIOR WAS ARBITRARY AND CAPRICIOUS AND THEREFORE MUST BE REVERSED.

> POINT II: THE ADMINISTRATOR'S FAILURE TO ADDRESS THE MERITS OF MR. PANTUSCO'S APPEAL RENDERS THE DECISION ARBITRARY AND CAPRICIOUS.

> POINT III: THE INSTITUTIONAL CLASSIFICATION COMMITTEE'S FAILURE TO MAINTAIN ACCURATE RECORDS DENIED PATRICK PANTUSCO DUE PROCESS THEREBY DENYING HIM HIS RIGHT TO COMPLETE HIS COLLEGE DEGREE.

2

We have considered appellant's contentions in light of the record and applicable legal principles, and conclude that they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E). In reaching that conclusion, we note that appellant emphasizes in the preliminary statement in his brief that he "did not contest the denial of full minimum custody status, but requested a reevaluation of the record because in over 22 years of incarceration, he has NEVER exhibited behavior that could be deemed to be 'an extreme level of violence, or impulsive behavior.'" (Underlining and capitalization in original). It thus appears that appellant in this appeal is not actually challenging the agency's decision to deny his reclassification request, but rather is challenging the ICC's articulation of the reasons for the denial, claiming that they reflect a mischaracterization of his conduct while in the custody of the DOC.[1]

Putting aside that appeals are taken from final judgments, or in this instance, an agency decision, not the reasons therefor, see R. 2:2-3(a)(2), appellant has misinterpreted and mischaracterized the ICC's statement of

---

[1] Appellant contends that the ICC's determination "was neither based on fact, nor supported by [his] institutional record." Appellant states that he was "dismayed by the committee's characterization of his institutional adjustment," and "allowing the mischaracterization to go uncorrected [will] hinder his future eligibility for programs and halfway house participation."

reasons. Appellant contends that the ICC's finding regarding his extreme level of violence and impulsive behavior is based on his conduct as an inmate. The record clearly shows, however, that the ICC's finding was not based on appellant's institutional adjustment, that is, on his behavior while in prison, but rather was based solely on his criminal record and the field accounts of the offenses for which he was convicted.

Even if defendant was challenging the denial of his reclassification request, the standard of review we apply is highly deferential to the DOC. The Commissioner of the DOC has considerable discretion in determining the custody status of inmates. Smith v. Dep't of Corr., 346 N.J. Super. 24, 29-30 (App. Div. 2001). Accordingly, our review of agency action is limited. "An appellate court ordinarily will reverse the decision of an administrative agency only when the agency's decision is 'arbitrary, capricious or unreasonable or is not supported by substantial credible evidence in the record as a whole.'" Ramirez v. N.J. Dep't of Corr., 382 N.J. 18, 23 (App. Div. 2005) (quoting Henry v. Rahway State Prison, 81 N.J. 571, 579-80 (1980)).

We have consistently upheld the DOC's institutional prerogative to reclassify an inmate's custodial status based on a variety of reasons. See Shabazz v. N.J. Dep't of Corr., 385 N.J. Super. 117, 119 (App. Div. 2006). In

A-5343-17T1

this instance, it is clear that the ICC was acting within its prerogative when it relied upon the spate of serious crimes defendant had committed as part of his violent crime spree. The applicable provision of the administrative code explicitly provides that in deciding an inmate's application for a reduced custody status, the ICC must take into consideration all relevant factors, including but not limited to the field account of the present offense and the inmate's prior criminal record. N.J.A.C. 10A:9-4.5(a)(1)–(2).

We note, finally, that appellant in Point III of his brief argues that the DOC has failed to maintain accurate records. However, he has not specified the errors he alludes to and does not appear to have provided the DOC an opportunity to research and correct those specified errors. He therefore has not exhausted his administrative remedies, which is a precondition to seeking appellate relief. See Garrow v. Elizabeth Gen. Hosp. & Dispensary, 79 N.J. 549, 558 (1979).

Affirmed, without prejudice to the appellant's right to pursue administrative remedies to correct any specifically identified mistakes in his institutional record.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION